IN THE MATTER OF THE APPLICATION OF LEO ROSEN-
BLUM FOR A PEREMPTORY WRIT OF MANDAMUS.

Argued January 19, 1943—Decided July 12, 1943.

Before Justices CASE, DONGES and COLIE.

For the relator, *John Warren.*

For the respondents, *J. Emil Walscheid.*

The opinion of the court was delivered by

DONGES, J.   Relator seeks a peremptory writ of *mandamus* to compel the County of Hudson and its treasurer to pay his salary for the period from June 1st, 1942, to July 23d, 1942, as clerk of the Fourth Criminal Judicial District Court of Hudson County.

Relator has been clerk of said court since November, 1940, and has been paid his salary at the fixed rate down to June 1st, 1942.   On June 11th, 1942, the Board of Freeholders adopted a resolution reciting that the judge of said District Court was absent from the City of Jersey City and expected to be absent for some time;   that the business of the court was suspended and, therefore, the duties of the attaches were likewise suspended;   and resolving that the salaries of the attaches be suspended.

It appears that Judge Carrick, of the Fourth Criminal Judicial District Court, enlisted in the armed forces on February 1st, 1942, and on June 24th, 1942, he tendered his

resignation as judge. The respondent took the position that Judge Carrick, by enlisting in the armed services, vacated his position as judge, that therefore the court ceased to function, and that the employees of the court were entitled to no salary. The contrary has been decided in the case of *Reppucci* v. *Board of Chosen Freeholders,* 130 *N. J. L.* 22; 31 *Atl. Rep.* (*2d*) 215. That case disposes of the right of the relator herein to receive his salary down to the time of the resignation of Judge Carrick. The right to that portion of the salary is clear.

There remains the question of the right of the clerk of the court to salary for the period following the resignation of the judge. The respondent contends that there can be no court without a judge; that relator and other subordinate officers could perform no functions while there was no judge of the court; and that, therefore, they are entitled to no salary.

In 21 *C. J. S.* 215, it is said: "The resignation of a judge does not arrest ministerial proceedings of subordinate court officers, and such officers may continue to perform their legal duties until a successor is appointed." We deem this to be the applicable rule. A vacancy in the office of judge does not operate to wipe out the court. The vacancy in the particular instance has not been filled, but the mere failure of the legislature to elect a successor judge to Judge Carrick is not the equivalent of the abolition of the court as an institution. The affidavit of the relator states that he performed, during the period in question, all the duties of clerk that he was called upon to perform. These duties are not detailed, but there is no proof that he performed no duties. We conclude that the resignation of the judge did not terminate the existence of the court and that it did not *ipso facto* end the term of office of the relator.

The line of cases holding that a person is entitled to the emoluments of office only when he renders the service, cited by respondent, are not in point. They involve situations wherein claimants had been ousted or kept from occupying offices and, after reinstatement, made claim for salary for a period during which they had not actually occupied the

offices. Here, the relator has not been disturbed in his occupancy of the office and, according to his proofs, has performed all the duties.

The peremptory writ will be allowed.